IN THE

# United States Court of Appeals
# for the District of Columbia Circuit

JOYCE BEATTY,

*Plaintiff-Appellee,*

v.

DONALD TRUMP, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Columbia, No. 25-cv-4480-CRC
Hon. Christopher R. Cooper

**PLAINTIFF-APPELLEE'S
OPPOSITION TO ADMINISTRATIVE STAY**

NORMAN EISEN
STEPHEN JONAS
DAVID W. OGDEN
DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE
Suite 15180
Washington, D.C. 20003
202-594-9958
norman@democracydefenders.org

NATHANIEL A.G. ZELINSKY
KYLE R. FREENY
ALEXANDER KRISTOFCAK
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*

June 12, 2026

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Plaintiff-Appellee Joyce Beatty submits this Certificate as to Parties, Rulings and Related Cases:

## A.    Parties and Amici

Joyce Beatty was the plaintiff in the district court and is the Appellee before this Court.  The defendants in the district court and the Appellants before this Court are: Donald J. Trump, Richard Grenell, Jennifer Fischer, Sergio Gor, John Falconetti, Brian D. Ballard, Maria Bartiromo, Pamela Bondi, Mary Helen Bowers, Hannah F. Buchan, Robert Castellani, Elaine Chao, Pamella Roland Devos, Patricia Duggan, Emilia May Fanjul, Lynette Friess, Pamela Gross, Lee Greenwood, Kate Adamson Haselwood, Laura Ingraham, Michele Kessler, Dana Kraft, Mindy Levine, Lynda Lomangino, Barbara Long, Allison Lutnick, Douglas Manchester, Catherine B. Reynolds, Denise Saul, Dan Scavino, Cheri Summerall, Usha Vance, Susie Wiles, Andrea Wynn, Paolo Zampolli, Robert F. Kennedy, Jr., Marco Rubio, Linda Mcmahon, Mike Johnson, Sam Graves, Julia Letlow, Mike Mccaul, John Thune, Shelley Moore Capito, Susan Collins, Trustees of the John F. Kennedy Center for the Performing Arts, and John F. Kennedy Center for the Performing Arts.

In the district court, former members of the advisory bodies to the John F. Kennedy Center for the Performing Arts and Committee for the First Amendment filed a brief as *amici curiae*.

**B. Rulings Under Review**

The district court (Cooper, J.) issued a permanent injunction and an accompanying opinion on May 29, 2026. That decision is not yet reported, but is available at 2026 WL 1505646.

**C. Related Cases**

This case has not previously been before this Court or another district court.

June 12, 2026

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*

**OPPOSITION TO ADMINISTRATIVE STAY**

Appellants present this Court with a frivolous stay request, filed at the eleventh hour, in a transparent effort to jam the Court and game the judicial system. Appellee will respond to the motion for a stay in due course.[1] Appellee submits this brief response now to respectfully urge the Court to deny Appellants' baseless request for an administrative stay. An administrative stay—which is reserved for truly urgent circumstances—would be particularly inappropriate based on the facts of this case, in which Appellants dragged their feet for nearly two weeks, only to appeal the day before they faced a deadline to comply.

This case involves Appellants' unlawful efforts to rename the John F. Kennedy Center for the Performing Arts. Appellee Joyce Beatty serves as trustee of the Center, *see* 20 U.S.C. § 76h(a)(2), which is a national performing arts center established by Congress to serve as "a living memorial to John Fitzgerald Kennedy," *id*. § (a)(1). By law, the Center is "designated as the John F. Kennedy Center for the Performing Arts," *id*. § 76i(a), and it serves as the "sole national memorial to the late John Fitzgerald Kennedy" in the nation's capital, *id*. § 76q.

---

[1] Appellee notes that the introduction to the stay motion—which is three pages long, without any paragraph breaks—appears to contain arguments never before raised in the district court, for example regarding the "Bylaws of The Trump Kennedy Center for the Performing Arts Foundation." Mot. at 2. These forfeited arguments, which are meritless, are obviously no basis for a stay pending appeal. To the extent the motion raises any preserved arguments, they are meritless, as our forthcoming response will detail.

But in December 2025, Appellants purported to vote to rename the Kennedy Center to honor President Donald Trump. The next day, crews immediately installed President Trump's name *above* President Kennedy's on the Center's façade. This was nakedly unlawful. As Judge Cooper explained in an exhaustive decision below, "Congress gave the Kennedy Center its name, and only Congress can change it." *Beatty v. Trump*, No. 25-CV-4480 (CRC), 2026 WL 1505646, at *2 (D.D.C. May 29, 2026).

Beatty brought this lawsuit to challenge the renaming in her capacity as a trustee charged with protecting the Kennedy Center. *Id.* at *18-*24 (explaining, in detail, Beatty's standing and cause of action to sue); *see also, e.g.*, *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287 (2008) (explaining that "[t]rustees bring suits to benefit their trusts"); *id.* at 304 n.2 (Roberts, C.J., dissenting) (additionally explaining that a "trustee's discharge of its legal obligation is an independent, personal benefit that supports the trustee's standing to sue in federal court"); *Restatement (Third) of Trusts* § 81(2) (2007) ("Each trustee also has a duty to use reasonable care to prevent a co-trustee from committing a breach of trust and, if a breach of trust occurs, to obtain redress.").

On May 29, 2026, Judge Cooper ruled for Beatty in all relevant respects. Judge Cooper's order provided Appellants two weeks—until June 12, 2026—to comply with the law that Congress passed and restore the Kennedy Center to its

former state.  ECF No. 49 at 2.[2]  This two-week window provided Appellants with ample time to appeal and seek relief from this Court, should they have deemed doing so necessary.

Appellants began restoring the Center's digital and physical landscape.  In a memorandum to all staff, the Kennedy Center's general counsel ordered them to "immediately change email signatures, letterhead, and other documents to reflect the name as 'The John F. Kennedy Center for the Performing Arts,' or 'Kennedy Center.' Other changes, such as to templates and forms, signage, brochures, and website pages," were slated to be "completed no later than Friday, June 12, 2026." ECF No. 51-2.[3]  It is Appellee's understanding that the name has already been restored on the sides of shuttle buses, to the website, on the Center's social media pages, and elsewhere.

But at the eleventh hour, Appellants appealed and now seek the extraordinary remedy of a stay pending appeal.  Beatty will respond to Appellants' stay request in due course.  Make no mistake, however.  This request for "exceptional relief" is frivolous.  *KalshiEx LLC v. CFTC*, 119 F.4th 58, 63 (D.C. Cir. 2024).  Appellants have no hope of success on appeal, let alone the "strong showing" needed to secure a stay.  *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quotation marks omitted).

---

[2] ECF numbers refer to the district court docket entry.
[3] The memorandum is also available at: https://tinyurl.com/566fxeux.

In his ninety-plus page decision, Judge Cooper painstakingly explained why, as a trustee, Beatty has "a personal stake in this dispute" for Article III standing purposes; how Supreme Court precedent confirms "trustees have Article III standing to enforce the terms of a trust and prevent or redress breach"; and how the nation's "history and tradition" likewise confirms "that Beatty's is the type of case that Article III empowers federal courts to consider." *Beatty*, 2026 WL 1505646 at *17-18, 20.

Judge Cooper also explained why the Kennedy Center's statute provides Beatty a "cause of action," *id*. at *23, and why she would additionally have the ability to pursue an *ultra vires* claim even absent a statutory cause of action, *id*. at *27. Finally, Judge Cooper detailed why, based on crystal clear statutory language, "the John F. Kennedy Center for the Performing Arts" cannot be "renamed absent Congressional authorization." *Id*. at *24. There are hard cases which might warrant stays pending appeal. This isn't one of them.

As Beatty's forthcoming opposition will also explain, Appellants will additionally not suffer any irreparable harm if they finish complying with Judge Cooper's order today. *See KalshiEx*, 119 F.4th at 64 ("[A] showing of irreparable harm is a necessary prerequisite for a stay."). Indeed, until last night, Appellants were in the midst of complying. They had already begun removing Donald Trump's name from the digital and physical realms. Appellants will suffer no harm

whatsoever if they finalize their compliance with Judge Cooper's order. As Judge Cooper explained in a minute order denying a stay pending appeal, the fact that Appellants have "taken substantial steps toward complying" "undermine[s] the notion that" they "face irreparable harm in complying with the order in full." And the other two traditional stay factors—the harms to Beatty and the trust with which she is charged with protecting, and the public interest—both strongly counsel against the extraordinary remedy of a stay. *See, e.g.*, *Beatty*, 2026 WL 1505646 at *28 n.23 (explaining how the renaming led to "damage" to the Kennedy Center, including artist cancelations and "a precipitous drop" in ticket sales).

Beatty submits this preliminary opposition now for the limited purpose of opposing the request for an administrative stay. An administrative stay is especially unwarranted because Appellants have no hope of a full-blown stay and because of their gamesmanship in waiting until the last minute to appeal. *See Nken*, 556 U.S. at 433 (explaining a "stay is not a matter of right," but instead is an "exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case" (quotation marks omitted)).

It bears emphasis: Judge Cooper issued his decision on May 29, 2026. Appellants then waited nearly *two weeks* before appealing the district court's order—until the day before Judge Cooper's deadline. After running out the clock, Appellants cannot credibly claim a need for urgent relief from this Court, late in the

day on a Friday. *Cf. Beame v. Friends of the Earth*, 434 U.S. 1310, 1313 (1977) (Marshall, J., in chambers) ("The applicants' delay in filing their petition and seeking a stay vitiates much of the force of their allegations of irreparable harm."); *Fund for Animals v. Friwestzzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (per curiam) ("Our conclusion that an injunction should not issue is bolstered by the delay of the appellants in seeking one.").

This is simply not the kind of pressing circumstance in which an administrative stay is necessary. Again, as Judge Cooper's minute order explained, Appellants have *already* taken "substantial steps toward complying." There is no reason they should not finish complying with the district court's order—as they have been planning for the past two weeks. In the extremely unlikely event the Court grants Appellants a stay pending appeal, Appellants can easily restore Donald Trump's name to the Kennedy Center during the appeal, should they choose. Indeed, Judge Cooper's minute order reiterated that changing the name takes "de minimis resources." There is thus no reason Appellants cannot finish complying with the order. Any urgency is an excuse of their own making.

Finally, granting an administrative stay here—when Appellants flagrantly violated the law, were on the cusp of complying in full, but now seek to jam up the Court with a manufactured emergency—would send the wrong message that Appellants can willfully violate a crystal-clear statute with impunity. In exercising

its discretion, the Court should not permit Appellants to wait until the last minute and game the system in this manner. *See Nken*, 556 U.S. at 433.

**CONCLUSION**

Appellants' request for an administrative stay should be denied.

June 12, 2026

Respectfully submitted,

/s/ Nathaniel A.G. Zelinsky

| | |
|---|---|
| NORMAN EISEN | NATHANIEL A.G. ZELINSKY |
| STEPHEN JONAS | KYLE R. FREENY |
| DAVID W. OGDEN | ALEXANDER KRISTOFCAK |
| DEMOCRACY DEFENDERS ACTION | WASHINGTON LITIGATION GROUP |
| 600 Pennsylvania Avenue SE | 1717 K Street, NW, Suite 1120 |
| Suite 15180 | Washington, D.C. 20006 |
| Washington, D.C. 20003 | 202-521-8750 |
| 202-594-9958 | nzelinsky@washingtonlitigationgroup.org |
| norman@democracydefenders.org | |

*Counsel for Plaintiff-Appellee Joyce Beatty*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A), I certify that this opposition to an administrative stay contains 1,519 words. This document also complies with the requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared using Microsoft word 14-point Times New Roman, a proportionally spaced font.

June 12, 2026

/s/ Nathaniel A.G. Zelinsky
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*

# CERTIFICATE OF SERVICE

I hereby certify that, on June 12, 2026, I caused the foregoing to be electronically filed with the Clerk of the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. All counsel in this case are registered CM/ECF users and will be served by the appellate CM/ECF.

June 12, 2026

/s/ Nathaniel A.G. Zelinsky
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*