# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 26-5224**                    **September Term, 2025**

**1:25-cv-04480-CRC**

**Filed On:** July 8, 2026

Joyce Beatty,

     Appellee

    v.

Donald J. Trump, et al.,

     Appellants

**BEFORE:**    Millett, Wilkins, and Katsas, Circuit Judges

## O R D E R

Upon consideration of the motion for stay pending appeal, the opposition thereto, and the reply, it is

**ORDERED** that the motion for stay be denied. Appellants have not satisfied the stringent requirements for a stay pending appeal. *Nken v. Holder*, 556 U.S. 418, 426 (2009); *see also D.C. Circuit Handbook of Practice and Internal Procedures* 33 (2025).

On May 29, 2026, the district court ordered, among other things, (1) the removal of President Trump's name from the façade of the John F. Kennedy Center for the Performing Arts and all other similar physical signage, (2) the deletion of his name as part of the title of the Center on the official website, and (3) the withdrawal of any trademark applications that included President Trump's name as part of the Kennedy Center's appellation. Order on Summ. J. Mots., ECF No. 49 at 2–3. The court further ordered those changes to be made by June 12, 2026. *See id.*

At 3:46 p.m. on June 12, 2026—late afternoon on the compliance date— Appellants filed a motion for a stay pending appeal and a request for an immediate administrative stay. We denied the administrative stay that same day, and Appellants complied with the district court's order. *See* Notice of Compliance, ECF No. 59; Decl. of Charles Matthew Floca, ECF No. 59-1 at ¶¶ 5–6.

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 26-5224**                    **September Term, 2025**

We now deny Appellants' motion for a stay pending appeal because they have failed to show how they will be irreparably injured absent a stay. *KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58, 63–64 (D.C. Cir. 2024) (denying a stay pending appeal because the agency "has not demonstrated that it or the public will be irreparably harmed while its appeal is heard[,]" and "a showing of irreparable harm is a necessary prerequisite for a stay").

First, they argue that removal of President Trump's name will inflict irreparable harm in terms of expense and time "squander[ed][.]" Stay Mot. 14. Since that removal has already occurred, Floca Decl. ¶ 5, a stay would not avert those harms (even assuming they would qualify as irreparable).

Second, Appellants allege financial harm to the Kennedy Center if they are not permitted to reinstate President Trump's name. Stay Mot. 14. They argue that removal of President Trump's name "threatens to impede the Center's fundraising efforts and [will] contribute to the financial decline of the Center." *Id.* Appellants, however, have failed to support this assertion with any specific facts or evidence. They offer only the conclusory assertions of the Kennedy Center's Executive Director that were made in a factually unsupported declaration. *Beatty v. Trump*, No. 25-CV-4480, 2026 WL 1505646, at *29 n.24 (D.D.C. May 29, 2026); *see also id.* (district court finding that "[t]here is no proof that current or future donations hinge on President Trump's name being on the building"); *id.* ("[T]he declaration is internally inconsistent in suggesting that the Center has already amassed millions in contributions yet would be in financial ruin if [President] Trump's name were excised from the title."). As a result, Appellants have failed to "come forward with a factual record showing that [they] will be irreparably harmed" absent emergency relief (even assuming some monetary loss pending litigation would qualify as irreparable). *Hanson v. District of Columbia*, 120 F.4th 223, 244 (D.C. Cir. 2024) (emphasis omitted).

Third, Appellants argue that a new entity named "The Trump Kennedy Center for the Performing Arts Foundation" will no longer be able to fundraise and must return all money "raised or committed" to it if the name "Trump" is not returned to the Kennedy Center's façade. Stay Mot. 2. Appellants never raised that factual contention in district court, and they have given no explanation for failing to do so. Such a *post hoc* argument cannot demonstrate an abuse of discretion by the district court. *Cf. McKinney v. District of Columbia*, 142 F.4th 784, 793 (D.C. Cir. 2025) (Arguments raised for the first time on appeal are forfeited, absent "exceptional circumstances[.]").

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 26-5224**                    **September Term, 2025**

Because Appellants have failed to demonstrate irreparable harm, we need not address whether Appellants have any likelihood of success on the merits.

The motion for a stay pending appeal is denied.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Selena R. Gancasz
Deputy Clerk