**ORAL ARGUMENT NOT YET SCHEDULED**

Nos. 26-5224, 26-5322

IN THE

# United States Court of Appeals for the District of Columbia Circuit

JOYCE BEATTY,

*Plaintiff-Appellee*,

v.

DONALD TRUMP, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Columbia, No. 25-cv-4480-CRC
Hon. Christopher R. Cooper

## MOTION FOR EXTENSION OF TIME

NATHANIEL A.G. ZELINSKY
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee*
*Joyce Beatty*

September 29, 2026

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Plaintiff-Appellee Joyce Beatty submits this Certificate as to Parties, Rulings and Related Cases:

### A. Parties and Amici

Joyce Beatty is the plaintiff in the district court and the Appellee before this Court. The defendants in the district court and the Appellants before this Court are: Donald J. Trump, Matthew Floca (substituted for Richard Grenell), Jennifer Fischer, Sergio Gor, John Falconetti, Brian D. Ballard, Maria Bartiromo, Pamela Bondi, Mary Helen Bowers, Hannah F. Buchan, Robert Castellani, Elaine Chao, Pamella Roland Devos, Patricia Duggan, Emilia May Fanjul, Lynette Friess, Pamela Gross, Lee Greenwood, Kate Adamson Haselwood, Laura Ingraham, Michele Kessler, Dana Kraft, Mindy Levine, Lynda Lomangino, Barbara Long, Allison Lutnick, Douglas Manchester, Catherine B. Reynolds, Denise Saul, Dan Scavino, Cheri Summerall, Usha Vance, Susie Wiles, Andrea Wynn, Paolo Zampolli, Robert F. Kennedy, Jr., Marco Rubio, Linda McMahon, Mike Johnson, Sam Graves, Julia Letlow, Mike McCaul, John Thune, Shelley Moore Capito, Susan Collins, Trustees of the John F. Kennedy Center for the Performing Arts, and John F. Kennedy Center for the Performing Arts.

In the district court, the following *amici curiae* appeared: The Committee for the First Amendment, Mary Boyle, Guy Cecil, Gilbert R. Cisneros Jr., Bruce Cohen,

Sylvia Davis White, Catherine Gledhill, Sonya Halpern, Sharon Hoffman, Barry Karas, Shahid Khan, Robin Leeds, Amalia Perea Mahoney, Noah Mamet, Ronnie Planalp, Deborah Dozier Potter, Susan E. Rice, Diane Robertson, Rusty Rueff, Alexandra C. Stanton, Gary Sugarman, and Reginald Van Lee.

**B. Rulings Under Review**

The district court (Cooper, J.) issued a permanent injunction on May 29, 2026, and the opinion is reported at 834 F. Supp. 3d 41. The district court issued an order enforcing its injunction on September 15, 2026. The opinion is not yet reported but is available at 2026 WL 2718566.

**C. Related Cases**

This case has not previously been before this Court or another district court.

September 29, 2026

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*

## MOTION FOR EXTENSION OF TIME

Appellee Joyce Beatty respectfully moves this Court for a 30-day extension of time to file her response brief. The response brief is currently due October 28, 2026. With this modest extension, the brief would be due on November 30, 2026. Appellee has not previously sought an extension in this matter. Undersigned counsel is currently occupied with expedited discovery in the district court in this case and has several other recent and upcoming professional deadlines. Appellants previously sought an extension for their opening brief, and Appellants have not sought to expedite this appeal. But Appellants nevertheless state that they "are unable to agree to a 30-day extension" because they "would like for the D.C. Circuit to quickly weigh in on the novel and weighty legal questions raised in the consolidated appeal."[1] Appellants also indicate that they will file an opposition to this motion.

1. These consolidated appeals concern Appellants' efforts to rename the John F. Kennedy Center for the Performing Arts after President Donald Trump. Following President John F. Kennedy's assassination, Congress established the institution which bears his name to serve as "a living memorial" to the slain

---

[1] Counsel's full email read as follows: "As we explained in our motion to retain the original briefing deadline, we would like for the D.C. Circuit to 'quickly weigh in on the novel and weighty legal questions raised' in the consolidated appeal. Therefore, we are unable to agree to a 30-day extension for your response brief."

commander in chief. 20 U.S.C. § 76h(a)(1). By law, the Kennedy Center "shall be the sole national memorial to the late John Fitzgerald Kennedy within the city of Washington and its environs." *Id*. § 76q. Congress also took great pains to ensure the Kennedy Center memorializes its namesake alone, including by expressly barring the installation of memorials to anyone other than President Kennedy at the Center. *See Id*. § 76j(b) (prohibiting "additional memorials or plaques in the nature of memorials" with extremely limited exceptions not relevant in this case).

2. Appellee Joyce Beatty serves as ex officio trustee of the Center by virtue of her position in Congress. In December 2025, Beatty's fellow trustees—the defendants below and the Appellants here—purported to vote to rename the Kennedy Center to additionally honor President Donald Trump. Beatty was participating remotely by Zoom. When she sought to object, Appellants muted her. The next day, Appellants installed signage with President Trump's name above President Kennedy's on the Center's main façade.

3. Appellee promptly brought this lawsuit. In an exhaustive 93-page opinion, Judge Cooper explained that trustees like Appellee have Article III standing to sue to protect their trusts and that the renaming was manifestly unlawful. *Beatty v. Trump*, 834 F. Supp. 3d 41, 69-76, 79-82, 86-88 (D.D.C. 2026). Judge Cooper stressed that, under the organic statute, "the Kennedy Center's public spaces" must "honor President Kennedy and President Kennedy alone." *Id.* at 80. And he made

clear that "only Congress," and not Appellants, possesses the authority to change the Center's name. *Id.* at 52, 104. Judge Cooper issued a permanent injunction regarding the unlawful renaming. *Id.* at 105.

4. Judge Cooper separately issued a preliminary injunction preventing Appellants from shuttering the Kennedy Center for two years, ostensibly for renovations, finding that Appellants had likely violated their fiduciary duties as trustees when they voted to close the Center. *Id.* at 104-105.

5. The district court's permanent injunction order provided Appellants two weeks to comply and remove Donald Trump's name from the Kennedy Center. Appellants initially did not appeal the renaming injunction—or the preliminary injunction regarding shutdown, for that matter. But on the day before the deadline to comply, Appellants reversed course and noticed an appeal of the renaming injunction. Appellants also sought a last-minute administrative stay and stay pending appeal, both of which this Court denied. *See Beatty v. Trump*, No. 26-5224, 2026 WL 1970557 at *1-2 (D.C. Cir. July 8, 2026) (per curiam) ("Stay Decision").

6. In June and July, Appellants did not seek to expedite the appeal. Nor have they done so since. Instead, on August 13, 2026, Appellants voted to return President Trump's name back onto the Kennedy Center, this time with an inscription on the front façade stating that the Kennedy Center was "renovated and restored by

President Donald J. Trump." Appellants also voted to name the Kennedy Center's grounds for President Trump.

7. On September 15, 2026, the district court found that this latest gambit violated the court's prior order and amounted to "[l]inguistic gymnastics." *Beatty v. Trump*, No. 25-CV-4480 (CRC), 2026 WL 2718566, at *9 (D.D.C. Sept. 15, 2026) ("September Decision"). Appellants appealed the district court's September order. Appellants did not seek a stay pending appeal of the most recent order. Appellants also again declined to move to expedite proceedings in this Court. The two appeals were consolidated in this Court.

8. In addition, on September 14, 2026, Appellants previously sought a 30-day extension from this Court to file their opening brief. Appellee did not oppose that extension. When Appellants subsequently sought to withdraw their motion and retain their original briefing deadline, Appellee again did not oppose Appellants' request to modify the briefing schedule.

9. The Court should grant Appellee's scheduling request. Because the Court has not set an argument date, granting the motion will not "affect the oral argument schedule." D.C. Cir. Local Rule 28(e)(1). A modest 30-day extension will also better enable Appellee to fully brief the issues before this Court. Undersigned counsel has several professional obligations. Most importantly, the parties in this matter are actively engaged in expedited discovery in the district court

regarding the shutdown portion of this case. Discovery closes on October 9, 2026, and undersigned counsel will be involved in document review and six depositions. Undersigned counsel will also be responsible for drafting a dispositive motion based on that discovery, which is due October 16, 2026, and a reply, which is due on October 27, 2026.

10. In addition, undersigned counsel has several other recent and upcoming professional obligations, including a reply brief filed September 28, 2026, in *Jackler v. MSPB*, No. 26-1575 (Fed. Cir.) (en banc); oral argument in that appeal on December 10, 2026; and an opposition and cross dispositive motion due October 13, 2026, in *State of Minnesota v. DOJ*, No. 1:26-cv-01007 (D.D.C.).

11. In email correspondence, Appellants' counsel stated that Appellants oppose a modest 30-day extension because they want the Court to "quickly weigh in on the novel and weighty legal questions" raised in the consolidated appeals. But Appellants never sought to expedite either appeal. Indeed, Appellants previously sought a 30-day extension themselves in this matter. That extension would have resulted in Appellee's brief being due on November 30, 2026—the same date that Appellee's brief would be due if the Court grants the requested extension.[2]

[2] According to the CM/ECF system, the Court will be closed on Friday, November 27, 2026, the day after Thanksgiving, meaning a brief otherwise due November 27 will be due November 30.

12. Finally, in their opposition, Appellants may repeat their tired refrain that, if President Trump's name is not returned to the Kennedy Center immediately, it "will cause donors to flee, financial contributions to dry up, and structural rehabilitation to cease." Opening Br. 3. But as this Court stressed in its stay decision, Appellants have consistently "failed to support this assertion with any specific facts or evidence." Stay Decision, 2026 WL 1970557 at *1. Instead, the evidence in the record demonstrates that the renaming produced "*declines* in revenue and contributions, as artists cancelled performances, the Washington National Opera ended its 50-year residency, and ticket sales and viewership of the Kennedy Center Honors broadcast dropped precipitously." September Decision, 2026 WL 2718566 at *9.

13. It is disappointing that the Department of Justice is opposing a routine extension motion in this Court. Appellants had over one hundred days after the first appeal's docketing to draft their opening brief. It would be unfair to force Appellee to brief this case at breakneck speed, while her counsel is simultaneously occupied with extensive ongoing proceedings in the district court.

For the foregoing reasons, the motion for extension of time should be granted.

September 29, 2026

Respectfully submitted,

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A), I certify that this motion for an extension contains 1,362 words. This document also complies with the requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared using Microsoft word 14-point Times New Roman, a proportionally spaced font.

September 29, 2026

/s/ Nathaniel A.G. Zelinsky
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 29, 2026, I caused the foregoing to be electronically filed with the Clerk of the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. All counsel in this case are registered CM/ECF users and will be served by the appellate CM/ECF.

September 29, 2026

/s/ Nathaniel A.G. Zelinsky
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*