[ORAL ARGUMENT NOT YET SCHEDULED]

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| JOYCE BEATTY,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DONALD TRUMP, et al.,<br><br>Defendants-Appellants. | Nos. 26-5224, 26-5322 |

**RESPONSE IN OPPOSITION TO MOTION FOR EXTENSION OF TIME**

Appellants respectfully request that this Court deny Appellee's motion for an extension of time to file her response brief.

1. This consolidated appeal arises from the same district court action concerning the Board of the John F. Kennedy Center for the Performing Arts's attempts to recognize the contributions of President Donald Trump. In December 2025, after the Board passed a resolution, the Center erected signage on the Center's front portico identifying the Center as the "Donald J. Trump and the John F. Kennedy Memorial Center for the Performing Arts." In May 2026, the district court permanently enjoined implementation of the naming

resolution. JA280. Appellants timely appealed from that order. JA377. On August 13, 2026, the Board passed another resolution, which would recognize President Trump in other ways. JA380. On September 15, 2026, the district court enjoined the Center from implementing most of this resolution, save for one part that the Court concluded was not ripe for resolution. JA419-40. Appellants timely appealed from that order. JA441. This Court *sua sponte* consolidated the two appeals.

2. Before the district court ruled on the August resolution, Appellants moved for a 30-day extension of the deadline for their opening brief, which was intended to "ensure that all challenges to actions taken by the Board could be considered in an efficient manner." Doc. #2193197 at 2, *Beatty v. Trump*, No. 26-5224 (Sept. 15, 2026). But when the district court ruled, Appellants moved to withdraw that motion, *see id.*, and then moved to proceed with the original briefing schedule, *see* Doc. #2193454, *Beatty v. Trump*, Nos. 26-5224, 26-5322 (Sept. 16, 2026). In their motion to retain the original briefing deadline of September 28, 2026—which Appellee did not oppose—Appellants cited their desire for "expedited consideration of both appeals" and for this Court to "quickly weigh in on the novel and weighty legal questions raised." *Id.* at 2. This Court granted Appellants' motion, *see* Doc #2194214, *Beatty v. Trump*, Nos. 26-5224, 26-5322 (Sept. 21, 2026), and thirteen days after the district court

entered its order on the August resolution, Appellants filed their opening brief, *see* Doc. #2195351, *Beatty v. Trump*, Nos. 26-5224, 26-5322 (Sept. 28, 2026).

3. Appellee provides no reason justifying an extension in this case. First, Appellee's counsel points to ongoing discovery and briefing in the district court. *See* Doc. #2195557 (Mot.) at 4-5, *Beatty v. Trump*, Nos. 26-5224, 26-5322 (Sept. 29, 2026). But Appellee is the one who requested discovery; Appellants opposed. *See* Dkt. 64 at 3-4. In any case, Appellants share the burden of continued district court litigation. The undersigned counsel has been involved in both discovery and drafting efforts, as Appellants filed a summary judgment motion on September 18, 2026. *See* Dkt. 89. Even so, recognizing the importance of expeditious resolution in this Court, Appellants still filed their brief in accord with this Court's original briefing schedule.

Second, Appellee's counsel cites "several other recent and upcoming professional obligations." Mot. at 5. But the undersigned counsel faced similar obligations over recent weeks, including a response to a motion for a preliminary injunction in *The Intercept Media, Inc. v. Trump*, 26-cv-6867 (S.D.N.Y.), filed September 24, 2026, and yet still filed the opening brief in accord with this Court's deadline.

Third, Appellee's counsel cites Appellants' motion for an extension of time, Mot. at 5, which was expressly predicated on the fact that the district court

had not yet ruled on the August resolution. When the district court did so rule, Appellants—without objection—moved to withdraw that motion and to proceed on the original briefing schedule. *See* Doc. #2193197 at 2, *Beatty v. Trump*, No. 26-5224 (Sept. 15, 2026); Doc. #2193454, *Beatty v. Trump*, Nos. 26-5224, 26-5322 (Sept. 16, 2026).

Finally, Appellee cites her disagreement over the benefit of the President's recognition at the Center. Mot. at 5. Appellee is wrong, and, in any case, she cannot reasonably dispute that this litigation has caused the Center to enter a state of uncertainty. Urgent resolution is needed to clarify the Board's ability to recognize the President, as the orders on appeal undermine fundraising efforts that are necessary to the Center's continued financial viability.

4. None of Appellee's offered reasons justifies an extension. Contrary to Appellee, a thirty-day deadline for a response brief is standard, not "breakneck." Mot. at 6. And it would provide Appellee with over two weeks more time than Appellants had to compose their opening brief. That timeline is fair to Appellee, and her requested delay is unwarranted.

For the foregoing reasons, the Court should deny Appellee's motion for an extension of time.

Respectfully submitted,

BRETT SHUMATE
Assistant Attorney General

*/s/ Brantley T. Mayers*
BRANTLEY T. MAYERS
Attorney
Civil Division, Room 3338
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 890-9874

SEPTEMBER 2026

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d), because it contains 760 words according to the count of Microsoft Word and is printed in Calisto MT 14-point font.

*/s/ Brantley T. Mayers*
BRANTLEY T. MAYERS